FLYNN ET AL. V. THE STATE.

42  315
61  286

1. PRACTICE: *Summons on bail bond: Demurrer to.*

A summons on a forfeited bail bond is not a pleading, and not subject to demurrer for variance between it and the bond. If so fatally defective as not to be amendable, it may be quashed on motion, like any other bad writ.

2. EVIDENCE: *Bail bond: Indorsement of forfeiture by justice of the peace.*

The indorsement of forfeiture on a bail bond, by a justice of the peace, is not conclusive upon the bail that the forfeiture was properly taken.

3. BAIL BOND: *Defense to forfeiture of, before justice of the peace.*

Where a defendant appears before a justice of the peace for examination for a felony at the time fixed by his temporary bail bond, and the justice from press of other business postpones the examination to an unfixed day, and tells the defendant that he will have him notified of the day when fixed, he can not afterwards appoint a day and forfeit the bond without giving the defendant the promised notice.

4. CIRCUIT COURT: *Jurisdiction on bail bond.*

The Circuit Court has jurisdiction to render judgment on a forfeited bail bond for $100 taken by a committing court.

APPEAL from *Garland Circuit Court.*

Hon. J. M. SMITH, Circuit Judge.

*W. N. Morphy* for appellants.

The answer of defendants was a sufficient defense to the case. *Acts of 1875, pp. 8 and 9, sec. 3734 Gantt's Dig.*

The Circuit Court had no jurisdiction. The sum in controversy could in no event exceed $100, and justices have exclusive jurisdiction wherein the amount does not exceed $100. *Sec. 40, art. 7, Const.*

*C. B. Moore*, Attorney General, for the State.

The proceedings were strictly in accordance with the statute. *Sec. 1704, 1743 Gantt's Digest.*

*Section 40, article 7, Constitution*, has no reference to proceedings such as this.

ENGLISH, C. J.   This was a *scire facias* (Code form) in the Circuit Court of Garland County, on a forfeited bail bond, executed by Frank Flynn and J. F. Conder for the appearance of James Baird, charged with a felony, before a justice of the peace, for examination, and returned to the clerk of said Circuit Court as forfeited.

The defendants filed a motion to quash the summons; also, a demurrer to the summons for variance between it and the bail bond, etc., and also an answer.   The court overruled the motion to quash, and the demurrer to the summons; the State demurred to the answer of defendants; the court sustained the demurrer, and, they resting, judgment was rendered against them for $100, the penalty of the bail bond.

They made a motion in arrest of judgment, which the court overruled, and they appealed.

I.   The summons is substantially in the form prescribed by the statute, and it has not been insisted here that it is not in good form.   See *Gantt's Dig., sec. 1743.*

The motion to quash was properly overruled.

1. PRACTICE   II.   The demurrer to the summons for variance between
Summons
on bail  it and the bail bond was also properly overruled, the com-
bond: De-
murrer to.  mon law *scire facias* or a forfeited bail bond served the
double purpose of a declaration and a writ.   (*Gray v. The State, 5 Ark., 265.*)   And a substantial variance between the recitals of the *scire facias* and the forfeited bail bond or recognizance might be taken advantage of by demurrer. (*The State v. Williams, 17 Ark., 371.*)   But in the Code action on a bail bond no pleading is required on the part of the State; but the clerk is required to issue a summons to the bail, requiring them to appear, etc., and show cause

why judgment should not be rendered against them for the sum specified in the bail bond, on account of the forfeiture thereof, etc. *Gantt's Dig., sec. 1743.*

If the summons, regarding it as such, is so fatally defective as not to be amendable, it may be quashed, on motion, like any other bad writ.

III. The bail bond recites that James Baird, being in custody, charged with the offense of obtaining money under false pretense, and being permitted to give bail in the sum of $100, whereupon Frank Flynn and J. F. Conder thereby undertook that he should appear before Charles F. Vatterlin, justice of the peace for Hot Springs township, Garland County, on the fourteenth of September, 1882, to answer said charge, and should at all times render himself amenable to the orders and process of said court, etc.

3. BAIL BOND. Defense to forfeiture.

The substance of the answer of the bail is as follows:

"That the forfeiture upon the bond was improperly taken, illegally exists, and ought to be set aside and held for naught, for the following reasons: That the case of the State against James Baird, on a misdemeanor, was begun before Charles F. Vatterlin, a justice of the peace, on the fifteenth day of September, 1882; that before the same came to trial, the defendant took a change of venue from said justice to John F. Allen, another justice of the peace of the same county; that defendant was notified to be present on the twentieth of said month for trial; that he appeared, and was ready for trial on that day, but the justice being engaged in other court business, which consumed the whole day, the trial of this cause was by order of said justice of the peace continued to some future day, when circumstances would admit of his hearing the cause, with the announcement from him that he would have the defendant notified by the constable of the time of hearing;

that defendant was at that time a resident of Hot Springs, and never absent from said city ; that while he was such resident, and without any effort on the part of said justice to notify him, said cause was called, and forfeiture taken upon said bond six days after the former trial day, because of defendant not being present at said time. That defendant, Baird, was at all times ready and willing for a trial, and attended at such court on two separate days for trial, but was wholly unadvised that any action would be taken at the time forfeiture was had. That said Justice Allen did not fix any time for the hearing of said cause, but tried the same without any such time being fixed. That these defendants immediately on hearing of the action of said justice, and within two days after the date of forfeiture, desired to examine the papers for a hearing of a motion to set aside said forfeiture, but such justice had on the very day of forfeiture filed and delivered said bond, with all papers in the case, to the clerk of this court, and had summons issued thereon, whereby these defendants were prevented from having their motion considered.

"Wherefore," they say, "plaintiff ought nôt to have judgment, and that said forfeiture should be set aside," etc.

The bail bond is indorsed: "Filed September 15, 1882. Chas. F. Vatterlin, J. P."

"Filed this twenty-second day of September, 1882. John F. Allen."

"Forfeiture taken on the within bond this twenty-sixth day of September, 1882. John F. Allen."

The bond appears to have been filed in the clerk's office on the day of its forfeiture, and summons issued to the bail same day.

The bond shows upon its face that Baird was in custody on a charge of obtaining money under false pretense, which is a felony, and the allegation of the answer that he was charged with a misdemeanor must be disregarded.

Do the facts alleged in the answer, and admitted to be true by the demurrer, constitute a defense for the bail?

1. EVIDENCE: Indorsement of forfeiture on bail bond not conclusive.

When the accused gives bail for his appearance before a justice, during the examination, and fails to appear at the time specified, or at the time extended, the magistrate is required to indorse on the bail bond the word "forfeited," with his signature thereto, and return the bond to the clerk of the Circuit Court, etc., who is required to issue a summons thereon, etc., "and such indorsement shall be sufficient evidence of the forfeiture of the bond." *Gantt's Digest, sec. 1704.*

But such indorsement can not be treated as conclusive upon the bail, that the forfeiture was properly taken.

If, as alleged in the answer, Baird was present on the day fixed by Justice Allen for the hearing of the charge against him, and the case was not taken up on that day because the justice was otherwise engaged, but continued to some future unfixed day, when it might be convenient for the justice to hear the case, and Baird was informed by the justice that he would have him notified by the constable of the time of hearing; and on a subsequent day the justice took up the case, without notice to Baird, and entered a forfeiture of the bond, and immediately returned the bond to the clerk, the forfeiture was an unfair one and ought not to stand, and the court should have overruled the demurrer to the answer.

2. SAME: Defense to forfeiture: Surprise.

IV. The motion in arrest of judgment was upon the ground that the bail bond, being for only $100, was not within the jurisdiction of the Circuit Court.

3. Jurisdiction of Circuit Court on bail bond. Justices may take temporary bail.

In felonies, except capital offenses, murder or manslaughter, the examining justice may admit the accused to bail for his appearance at the Circuit Court, which has ex-

clusive jurisdiction in the trial of all felonies. (*Gantt's Digest, 1709, 1711.*) And there can be no good reason why in protracted examinations, continued from day to day, or time to time, the justice may not, in other than the excepted felonies, admit the accused to temporary bail. But the bail bond in such cases, if forfeited, must be returned to the clerk of the Circuit Court for action on the forfeiture. *Ib., sec. 1704.*

And this is in harmony with *section 1742 Ib.*, which provides that " the action on the bail bond shall be in the court in which the defendant was, or would have been required to appear for trial.

The Circuit Court having exclusive original jurisdiction for the trial of all felonies, where a bail bond, however small, is taken and forfeited as incidents in the prosecution, there is no valid constitutional objection to making the jurisdiction of the bond attach as an incident to the jurisdiction of the offense.

The examination before the justice of the peace is but a preliminary part of the whole prosecution for a felony, and the taking and forfeiture of a temporary bail bond are but incidents in the prosecution, and the jurisdiction of such bond may well be made to attach to the Circuit Court as incidental to its main jurisdiction of the crime, regardless of the amount of the bond.

For the error in sustaining the demurrer to the answer of appellants, the judgment is reversed, and the cause remanded to the court below with instructions to overrule the demurrer, and for further proceedings.