## NEAL v. STATE.

### Opinion delivered November 23, 1895.

FORFEITURE OF BAIL—PROCEEDINGS.—No complaint is necessary for the issuance of a summons upon a forfeited bail bond, under the statutes providing that the bond indorsed by the justice of the peace as "forfeited," and filed with the clerk of the circuit court, is a sufficient basis upon which the latter may issue his summons to the bondsmen. (Sand. & H. Dig., secs. 1994, 2034.)

BAIL BOND—FORFEITURE.—Failure of the principal in a bail bond to remain all day personally present at the door of the closed office of a justice of the peace is not a breach of the bond, where her attorney was present all the day, and such principal was close at hand to appear whenever called, and the office was not opened because of the justice's illness.

Appeal from Crawford Circuit Court.

JEPHTHA H. EVANS, Judge.

STATEMENT BY THE COURT.

This is a controversy over the forfeiture of a bail bond, and a judgment thereon against the appellant as surety. One Mrs. George Burns was arrested and brought before H. H. Dill, a justice of the peace of Van Buren township, in Crawford county, on the 6th day of October, 1892, under a warrant issued by him on the affidavit of one Mattie Harvey, charging her with the crime of grand larceny, in having stolen goods and effects to the value of thirty-five dollars. The docket entry of said justice of the peace, for that day is as follows: "OCTOBER 6, 1892. State of Arkansas *v.* Mrs. George Burns. Grand Larceny. On the 6th day of October, 1892, comes Mrs. Mattie Harvey, and makes affidavit that one Mrs. George Burns did, on or about the 6th day of October, 1892, commit grand larceny, by stealing, taking and carrying away goods and effects to the value of $35, and prays a warrant, which was issued; and on the same day the officer brought said Mrs. George Burns into court, who pleaded not guilty to the charge, and not ready for trial, and the 10th day of October, 1892, was set for trial." For the 10th of October, the following entry was made: "On this the 10th day of October, 1892, comes W. H. Neal, attorney for defendant, and asked for a continuance of this cause on the ground that defendant was too sick to attend trial. Continuance granted until the 13th day of October, 1892, at 10 o'clock a. m., and

defendant gives bail in the amount of $300, and J. Neal taken as security on bail bond." And for the 13th October the following entry was made: "On this 13th day of October, 1892, the court, after waiting three hours, and defendant nor her attorney appearing for trial, it is considered and adjudged that said bail is forfeited, and so endorsed and filed with the circuit clerk of Crawford county."

The bail bond thus being endorsed "forfeited," and filed with the clerk of the circuit court by the justice of the peace, under 2028, Mansfield's, and 1994 of Sandels & Hill's Digest, summons was issued thereon against the appellant as surety, under section 2068 of Mansfield's, and 2034 of Sandels & Hill's Digest, and the appellant answered in substance as follows: "That, on the 13th day of October, Mrs. George Burns was in Van Buren, and could and would have been present for examination if the court had been ready to hear the same, but the court was on that day sick, and did not attend his office during the day; that the cause of Mrs. George Burns was not called for examination in the court of H. H. Dill; that said court was never opened for the transaction of business on that or any other day, for the hearing of said cause, nor was the defendant ever called or given an opportunity to produce the body of Mrs. George Burns in said court, which he was at all times willing to do; and defendant never made any effort to have said forfeiture set aside, because he was not informed of it until by the service of the summons herein; and that the forfeiture was taken less than twenty days from the filing of the bond by the justice of the peace, or the last day set for the hearing of the case before him."

Defendant filed a motion to dismiss the cause because there was no complaint, and the same was overruled.

The cause was heard, and judgment against appellant, and he excepted and appealed.

*Jesse London*, for appellant.

1.   The suit should have been brought in the justice's court. Sand. & H. Dig. secs. 2030–2036 ; 43 Ark. 128.

2.   The circuit court had no jurisdiction.   No complaint was filed.   43 Ark. 128.

3.   The court erred in refusing to admit parol testimony to contradict the entries in the justice's docket. 42 Ark. 315 ; 58 *id.* 181.

4.   The forfeiture was illegally taken.   Sand. & H. Dig. sec. 2017.

*E. B. Kinsworthy*, Attorney General, for appellee.

The bond sued on was executed as provided by section 1989 of Sandels & Hill's Digest.   The continuance before the justice of the peace was warranted by section 1993.   The forfeiture was regularly taken by the justice of the peace, as required by the statutes.   Sand. & H. Dig. sec. 1994.   No pleadings or complaint was necessary.   The suit was brought as directed by our statutes.   Sand. & H. Dig. sec. 2034.   We agree with appellant that parol evidence can be used to contradict entries in a justice's docket.   A judgment will not be set aside unless injustice has been done.   49 Ark. 397. If there is no valid defense, it will not be set aside.   54 *id.* 539.   The excluded evidence shows no valid defense.

BUNN, C. J., (after stating the facts).   The proceedings, as regard form, appear to have been substantially in accordance with the statute on the subject, and that provides that the bail bond endorsed by the justice of the peace as "forfeited," and filed with the clerk of the circuit court, is a sufficient basis upon which the latter may issue his summons to the bondsmen in pursuance of the other section of the statute cited

*Proceedings on forfeiture of bail.*

above.    The objection that there was no complaint in
the circuit court upon which the summons should issue
is not well founded.

When for-
feiture set
aside.

If the allegations of the answer were true, the ap-
pellant had a good defense.    Therefore he should have
been permitted to show by his witnesses, which he
offered to do, that the allegations of his answer were
true.    The court, however, over his objections, excluded
this testimony, and in that erred, and fatally so.

This case is nearly on all fours with the case of
*Flynn* v. *State*, 42 Ark. 315, the only difference being,
so far as we can discern, that in the latter case the
defendant Flynn actually appeared at the justice's
office, and, on account of the press of business, the case
could not be heard on that day, and another time for
hearing was set, but of which the justice failed to notify
the defendant, and the forfeiture was taken, notwith-
standing this want of notice; whereas, in the present
case, while the defendant did not actually appear, accord-
ing to the very letter of her bond, yet her attorney and
representative was present all the day, and the defend-
ant was close at hand to appear whenever called.    It
follows that, in order to make the difference material, we
would necessarily hold that the defendant, Burns, hav-
ing failed to go through with the useless and reasonless
performance of remaining all day personally present at
the door of the closed office, was therefore guilty of a
breach of her bond.    We think that would be a too
rigid construction of her obligation, in view of the ex-
planatory circumstances offered to be shown as really
existing at the time.

Reversed and remanded, with instructions to pro-
ceed according to this opinion.